**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Illinois

Case number (If known): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. Debtor's name | Lutheran Life Communities | |
| 2. All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | | |
| 3. Debtor's federal Employer Identification Number (EIN) | 20-8549333 | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 800 West Oakton Street<br>Number    Street | Number    Street |
| | P.O. Box |
| Arlington Heights    IL    60004<br>City    State    ZIP Code | City    State    ZIP Code |
| Cook County<br>County | Location of principal assets, if different from principal place of business<br><br>Number    Street<br><br>City    State    ZIP Code |

5. **Debtor's website (URL)**   _____

6. **Type of debtor**
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  Lutheran Life Communities    Case number (if known)_____
        Name

7. **Describe debtor's business**

   A. *Check one:*
   - [x] Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - [ ] Railroad (as defined in 11 U.S.C. § 101(44))
   - [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - [ ] None of the above

   B. *Check all that apply:*
   - [x] Tax-exempt entity (as described in 26 U.S.C. § 501)
   - [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - [ ] Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
      See http://www.naics.com/search/ .
      6233

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   - [ ] Chapter 7
   - [ ] Chapter 9
   - [x] Chapter 11. *Check all that apply*:
      - [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
      - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
      - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
      - [ ] A plan is being filed with this petition.
      - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
      - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
      - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - [ ] Chapter 12

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   - [x] No
   - [ ] Yes.  District _____ When _____ Case number _____
                                          MM / DD / YYYY
              District _____ When _____ Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    - [ ] No
    - [x] Yes.  Debtor  See Rider _____  Relationship _____
                District _____  When _____
                                                              MM / DD / YYYY
                Case number, if known _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **2**

Debtor  **Lutheran Life Communities**
        Name

Case number (if known) _____

### 11. Why is the case filed in *this district*?

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

### 12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                       Number    Street

_____
City                              State    ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

### 13. Debtor's estimation of available funds

Check one:

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

### 15. Estimated assets

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 3

Docusign Envelope ID: 246FA9AF-A716-4CC6-A1A7-4512A4F77A71

| Debtor | Lutheran Life Communities | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/04/2025
MM / DD / YYYY

✗ /s/ Amy LaCroix
Signature of authorized representative of debtor

Amy LaCroix
Printed name

Title Secretary

**18. Signature of attorney**

✗ /s/ David A. Agay
Signature of attorney for debtor

Date 02/04/2025
MM / DD / YYYY

David A. Agay
Printed name

McDonald Hopkins
Firm name

300 North LaSalle Street Suite 1400
Number  Street

Chicago    IL    60654
City       State  ZIP Code

312-280-0111
Contact phone

dagay@mcdonaldhopkins.com
Email address

ARDC 6244314
Bar number

IL
State

**Fill in this information to identify the case:**

Debtor name: Lutheran Home and Services for the Aged, Inc., *et al.*

United States Bankruptcy Court for the: Northern District of Illinois (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Select Rehabilitation<br>PO Box 71985<br>Chicago, IL 60694 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $808,084.60 |
| 2 | Healthcare & Family Services<br>201 S Grand Ave E, 3rd Fl<br>Springfield, IL 62763-0002 | Attn: Legal Dept<br>P:<br>F:<br>hfs.rules@illinois.gov | Trade | | | | $446,990.00 |
| 3 | CR Improvements LLC<br>4130 Downers Dr<br>Downers Grove, IL 60515 | Attn: Legal Dept<br>P:<br>F:<br>chris@crimprovements.com | Trade | | | | $255,294.00 |
| 4 | Direct Energy Business<br>PO Box 70220<br>Philadelphia, PA 19176 | Attn: Legal Dept<br>P: 888-925-9115<br>F: | Trade | | | | $185,587.05 |
| 5 | Tabet Divito & Rothstein LLC<br>209 S Lasalle St, Fl 7<br>Chicago, IL 60604 | Attn: Legal Dept<br>P: 312-762-9450<br>F: 312-762-9451 | Professional Services | | | | $70,177.27 |
| 6 | Thomas Cuisine<br>700 E Franklin Rd<br>Meridian, ID 83642 | Attn:<br>P:<br>F: | Professional Services | | | | $64,012.21 |
| 7 | Constellation NewEnergy Inc<br>PO Box 4640<br>Carol Stream, IL 60197 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $43,449.55 |

This list is a consolidated list on behalf of each of the debtors and debtors in possession.

Debtor: Lutheran Home and Services for the Aged, Inc., *et al.*   Case number (if known): _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  3rdThird Marketing LLC<br>PO Box 803<br>Vashon, WA 98070 | Attn: Legal Dept<br>P:<br>F:<br>patrick@3rd3rd.com | Professional Services | | | | $34,325.00 |
| 9  McKesson Medical Surgical<br>PO Box 204786<br>Dallas, TX 75320 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $27,049.13 |
| 10 NIPSCO<br>PO Box 13007<br>Merrillville, IN 46411 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $25,723.47 |
| 11 Health Care Service Corporation<br>300 E Randolph St<br>Chicago, IL 60601 | Attn: Legal Dept<br>P: 800-654-7385<br>F: | Trade | | | | $22,384.69 |
| 12 Ryan Fire Protection<br>9740 E 148th St<br>Noblesville, IN 46060 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $22,378.00 |
| 13 K&M Printing Co.<br>1410 N Meacham Rd<br>Schaumburg, IL 60173 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $16,270.56 |
| 14 City of Crown Point<br>101 North East St<br>Crown Point, IN 46307 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $15,350.80 |
| 15 Silversphere LLC<br>PO Box 75701<br>Chicago, IL 60675 | Attn: Legal Dept<br>P:<br>F:<br>accountsreceivable@sentrics.com | Trade | | | | $15,300.00 |
| 16 OneNeck IT Solutions LLC<br>PO Box 85790<br>Minneapolis, MN 55485 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $15,069.55 |
| 17 Ameren Illinois<br>PO Box 88034<br>Chicago, IL 60680 | Attn: Legal Dept<br>P:<br>F: | Trade | | | | $14,883.92 |

Debtor: Lutheran Home and Services for the Aged, Inc., *et al.*  Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Critical HVAC Systems LLC  5400 Newport Dr, Ste 1  Rolling Meadows, IL 60008 | Attn: Legal Dept  P:  F: | Trade | | | | $14,155.41 |
| 19 | Prime Senior Home Care Inc  7331 N Lincoln Ave, Ste 3  Lincolnwood, IL 60712 | Attn: Legal Dept  P:  F:  primeseniorcare@gmail.com | Trade | | | | $11,205.00 |
| 20 | TK Elevator Corporation  940 W Adams St, Ste 404  Chicago, IL 60607 | Attn: Legal Dept  P: 312-733-8025  F: | Trade | | | | $11,106.24 |

Docusign Envelope ID: 246FA9AF-A716-4CC6-A1A7-4512A4F77A71

---

**Fill in this information to identify the case and this filing:**

Debtor Name __Lutheran Life Communities__

United States Bankruptcy Court for the: __Northern__ District of __Illinois__
(State)

Case number (If known): _____

---

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2/4/2025__        X  /s/ Amy LaCroix
MM / DD / YYYY                     Signature of individual signing on behalf of debtor

Amy LaCroix
Printed name

Secretary
Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lutheran Life Communities, | ) | Case No. 25-[_____] |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

## RIDER I

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

Each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Illinois for relief under chapter 11 of title 11 of the United States Code contemporaneously with the above-captioned debtor. The Debtors are moving for joint administration of each of these cases.

| Debtor |
|---|
| Lutheran Home and Services for the Aged, Inc. |
| Lutheran Home for the Aged, Inc. |
| Luther Oaks, Inc. |
| Pleasant View Luther Home, Inc. |
| Wittenberg Lutheran Village, Inc. |
| Wittenberg Lutheran Village Endowment Corporation |
| Lutheran Life Communities |
| Lutheran Life Communities Foundation |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lutheran Life Communities, | ) | Case No. 25-[_____] |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

### RIDER I

### VERIFICATION OF CREDITOR MATRIX

I, the Corporate Secretary of the above-captioned entity named as a debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: February 4, 2025

/s/ Amy LaCroix
By:    Amy LaCroix
Title:   Corporate Secretary

35653796.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lutheran Life Communities, | ) | Case No. 25-[_____] |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage |
|---|---|
| Lutheran Life Ministries | 100% (Sole member) |

Docusign Envelope ID: 6AC451E6-1F42-4B79-B457-EE15402091D4

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## LUTHERAN LIFE MINISTRIES

## AND SOLE MEMBER OF
## LUTHERAN HOME AND SERVICES FOR THE AGED, INC.,
## LUTHER OAKS, INC.,
## PLEASANT VIEW LUTHER HOME, INC.,
## WITTENBERG LUTHERAN VILLAGE, INC.,
## WITTENBERG LUTHERAN VILLAGE ENDOWMENT CORPORATION
## LUTHERAN LIFE COMMUNITIES ; AND
## LUTHERAN LIFE COMMUNITIES FOUNDATION

### LUTHERAN LIFE MINISTRIES

### February 3, 2025

On the date written above, the board of directors (the "Board") of Lutheran Life Ministries, an Illinois not-for-profit corporation (the "Company") and the sole member of (i) Lutheran Home and Services for the Aged, Inc., an Illinois not-for-profit corporation ("Lutheran Home and Services"), (ii) Luther Oaks, Inc., an Illinois not-for-profit corporation ("Luther Oaks"), (iii) Pleasant View Luther Home, Inc., an Illinois not-for-profit corporation ("Pleasant View"), (iv) Wittenberg Lutheran Village, Inc., an Indiana non-profit corporation ("Wittenberg Lutheran Village"), (v) Wittenberg Lutheran Village Endowment Corporation, an Indiana non-profit corporation ("Wittenberg Endowment"), (vi) Lutheran Life Communities Foundation, an Illinois not-for-profit corporation ("LLCF"); and (vii) Lutheran Life Communities, an Illinois not-for-profit corporation ("LLC"), and as an indirect member of Lutheran Home for the Aged, Inc., an Illinois not-for-profit corporation ("Lutheran Home for the Aged" and, together with Lutheran Home and Services, Luther Oaks, Pleasant View, Wittenberg Lutheran Village, Wittenberg Endowment, LLCF, and LLC, the "Entities", and individually, each an "Entity"), held a telephonic/virtual meeting at which a quorum was present, whereby the majority of directors present consented to taking of the following actions and adopted the following resolutions pursuant to the Company's Constitution/Bylaws and in accordance with the Illinois General Not For Profit Corporation Act of 1986, as amended:

WHEREAS, each Entity has been investigating strategic alternatives for addressing the financial needs of such Entity and its affiliates, reorganizing their business, maximizing the value of the assets of such Entity and its affiliates, and protecting each of Lutheran Home and Services, Luther Oaks, Pleasant View, Wittenberg Lutheran Village, Wittenberg Endowment, and Lutheran Home for the Aged (collectively, the "OG Members") from the appointment of a receiver over the OG Members and their assets and the corresponding damaging and value destructive consequences of such appointment on the Entities;

WHEREAS, the board of directors of each Entity has determined that it is in the best interests of each Entity, its creditors, and other interested parties to commence a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to take certain other actions to maximize the value of its assets; and

Docusign Envelope ID: 6AC451E6-1F42-4B79-B457-EE15402091D4

WHEREAS, upon the advice of counsel and other professional advisors, the Board has determined that, it is in the best interests of the Company, the Company's creditors, and other interested parties for each Entity to commence a case under the Bankruptcy Code and to take certain other actions to maximize the value of such Entity's assets.

## NOW, THEREFORE, BE IT RESOLVED AS FOLLOWS:

### Chapter 11 Bankruptcy Cases

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, and the Company's creditors, equity holders, and other interested parties, that each Entity file a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

**RESOLVED**, that each member of the board of directors of each Entity and each officer of an Entity (each, an "Authorized Party") is hereby authorized and directed to take, in each case with the advice of counsel and the Entity's other advisors, (a) any and all actions necessary or appropriate to prepare for and cause such filings to occur, including, without limitation, by causing the preparation, execution, verification, and/or filing of all petitions, schedules, statements, lists, "first day" motions and applications, and other necessary or appropriate pleadings or papers, and (b) any and all other necessary or appropriate actions in furtherance of commencing a bankruptcy case (the "Bankruptcy Case"), obtaining necessary or appropriate relief from the Court, and/or otherwise transitioning into operating under chapter 11 and any other relevant provisions the Bankruptcy Code;

### Retention of Professionals

**RESOLVED**, that, subject to the Court's approval, the law firm of Squire Patton Boggs (US) LLP ("SPB") is hereby retained on the terms set forth in SPB's Engagement Letter, dated May 6, 2024 (as may be amended or modified from time to time) to serve as the Entities' primary bankruptcy and restructuring counsel in connection with the Bankruptcy Case and to advise and assist the Entities with respect to all aspects of the Bankruptcy Case, including, without limitation, (a) preparing and filing all necessary or appropriate documents to commence the Bankruptcy Case, (b) obtaining necessary or appropriate relief from the Court, (c) operating under chapter 11 and other relevant provisions of the Bankruptcy Code, and (d) otherwise performing its duties as a debtor and debtor-in-possession;

**RESOLVED**, that the Entities are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $300,000 previously paid to SPB on account of the services rendered or to be rendered by it;

**RESOLVED**, that McDonald Hopkins LLC ("MH") is hereby retained on the terms set forth in its Engagement Letter, dated February 1, 2025 (and as may be amended, restated or modified from time to time) to serve as the Entities' Illinois bankruptcy and restructuring counsel;

**RESOLVED**, that the Entities are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $100,000 previously paid to MH on account of the services rendered or to be rendered by it;

Docusign Envelope ID: 6AC451E6-1F42-4B79-B457-EE15402091D4

**RESOLVED**, that, subject to the Court's approval, OnePoint Partners, LLC ("OnePoint") is hereby retained on the terms set forth in its Engagement Letter, dated April 25, 2024 (as may be amended or modified from time to time) to serve as the Entities' financial advisor in the Bankruptcy Case;

**RESOLVED**, that the Entities are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $80,000 previously paid to OnePoint on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, Stretto ("Stretto") is hereby retained on the terms set forth in its Engagement Letter, dated February 3, 2025 (as may be amended or modified from time to time) to serve as the Entities' claims, noticing, solicitation, balloting, and/or tabulation agent for the Entities in the Bankruptcy Case;

**RESOLVED**, that the Entities are hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $10,000 previously paid to Stretto on account of the services rendered or to be rendered by it;

### Use of Cash Collateral

**RESOLVED**, that each Entity, by and through any Authorized Party, is hereby authorized and instructed to make such arrangements and take such actions as it deems necessary or proper for the Entity to use cash collateral as a debtor-in-possession under chapter 11 of the Bankruptcy Code;

### Other Bankruptcy Authorizations

**RESOLVED**, that the Entity and each Authorized Party is authorized and empowered to (a) take or cause to be taken any and all further action(s), (b) engage other professionals, (c) execute and deliver further documents and instruments, and (d) pay fees and expenses, all as such parties deem necessary or appropriate in order to fully carry out the intent and to accomplish the purposes of these resolutions;

**RESOLVED**, that any and all past actions previously taken by the officers and/or directors of the Entity in the name or otherwise on behalf of the Entity with respect to the commencement of the Bankruptcy Case or otherwise in furtherance of any or all of these resolutions are hereby ratified, confirmed, and approved; and

**RESOLVED**, that these resolutions may be executed by facsimile, telecopy or other reproduction method, and such execution shall be considered valid, binding, and effective for all purposes.

IN WITNESS WHEREOF, the Sole Member and Board have adopted these resolutions as of the date first written above.

**LUTHERAN LIFE MINISTRIES**

Signed by:

*Nicholas K. Terrell*
―――――――――――――――――
Nicholas Terrell
Corporate Secretary

*Signature Page to Resolutions of the Board of Directors of Lutheran Life Ministries and Sole Member of Lutheran Home and Services for the Aged, Inc., Luther Oaks, Inc., Pleasant View Luther Home, Inc., Wittenberg Lutheran Village, Inc., Wittenberg Lutheran Village Endowment Corporation; Lutheran Life Communities Foundation and Lutheran Life Communities*

Docusign Envelope ID: 0F0A17D4-15CF-4DF6-879F-2D90E466A251

# RESOLUTIONS OF THE BOARD OF DIRECTORS

## LUTHERAN LIFE COMMUNITIES

### February 3, 2025

On the date written above, the board of directors (the "Board") of Lutheran Life Communities, an Illinois not-for-profit corporation (the "Company"), held a telephonic/virtual meeting at which a quorum was present, whereby the majority of directors present consented to taking of the following actions and adopted the following resolutions pursuant to the Company's Amended and Restated Bylaws and in accordance with the Illinois General Not For Profit Corporation Act of 1986, as amended:

**WHEREAS**, the Company has been investigating strategic alternatives for addressing the financial needs of the Company and its affiliates, reorganizing their business, maximizing the value of the assets of the Company and its affiliates; and protecting the Company's affiliates from the appointment of a receiver over such affiliates and their assets and the corresponding damaging and value destructive consequences of such appointment and

**WHEREAS**, upon the advice of counsel and other professional advisors, the Board has determined that, it is in the best interests of the Company, the Company's creditors, and other interested parties to commence a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to take certain other actions to maximize the value of their assets.

**NOW, THEREFORE, BE IT RESOLVED AS FOLLOWS:**

### Chapter 11 Bankruptcy Cases

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, and the Company's creditors, equity holders, and other interested parties, that the Company file a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

**RESOLVED**, that each member of the Board and each officer of the Company (each, an "Authorized Party") is hereby authorized and directed to take, in each case with the advice of counsel and the Company's other advisors, (a) any and all actions necessary or appropriate to prepare for and cause such filings to occur, including, without limitation, by causing the preparation, execution, verification, and/or filing of all petitions, schedules, statements, lists, "first day" motions and applications, and other necessary or appropriate pleadings or papers, and (b) any and all other necessary or appropriate actions in furtherance of commencing a bankruptcy case (the "Bankruptcy Case"), obtaining necessary or appropriate relief from the Court, and/or otherwise transitioning into operating under chapter 11 and any other relevant provisions the Bankruptcy Code;

**RESOLVED**, that the Board recommends that the sole member of the Company, Lutheran Life Ministries, an Illinois not-for-profit corporation, approve the Bankruptcy Case;

Docusign Envelope ID: 0F0A17D4-15CF-4DF6-879F-2D90E466A251

## Retention of Professionals

**RESOLVED**, that, subject to the Court's approval, the law firm of Squire Patton Boggs (US) LLP ("SPB") is hereby retained on the terms set forth in SPB's Engagement Letter, dated May 6, 2024 (as may be amended or modified from time to time) to serve as the Company's primary bankruptcy and restructuring counsel in connection with the Bankruptcy Case and to advise and assist the Company with respect to all aspects of the Bankruptcy Case, including, without limitation, (a) preparing and filing all necessary or appropriate documents to commence the Bankruptcy Case, (b) obtaining necessary or appropriate relief from the Court, (c) operating under chapter 11 and other relevant provisions of the Bankruptcy Code, and (d) otherwise performing its duties as a debtor and debtor-in-possession;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $300,000 previously paid to SPB on account of the services rendered or to be rendered by it;

**RESOLVED**, that McDonald Hopkins LLC ("MH") is hereby retained on the terms set forth in its Engagement Letter, dated February 1, 2025 (and as may be amended, restated or modified from time to time) to serve as the Company's Illinois bankruptcy and restructuring counsel;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $100,000 previously paid to MH on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, OnePoint Partners, LLC ("OnePoint") is hereby retained on the terms set forth in its Engagement Letter, dated April 25, 2024 (as may be amended or modified from time to time) to serve as the Company's financial advisor in the Bankruptcy Case;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $80,000 previously paid to OnePoint on account of the services rendered or to be rendered by it;

**RESOLVED**, that, subject to the Court's approval, Stretto ("Stretto") is hereby retained on the terms set forth in its Engagement Letter, dated February 3, 2025 (as may be amended or modified from time to time) to serve as the Company's claims, noticing, solicitation, balloting, and/or tabulation agent for the Company in the Bankruptcy Case;

**RESOLVED**, that the Company is hereby authorized and directed to continue to periodically replenish, as required and as approved by the Court, the retainer in the amount of $10,000 previously paid to Stretto on account of the services rendered or to be rendered by it;

## Use of Cash Collateral

**RESOLVED**, that the Company, by and through any Authorized Party, is hereby authorized and instructed to make such arrangements and take such actions as it deems necessary

Docusign Envelope ID: 0F0A17D4-15CF-4DF6-879F-2D90E466A251

or proper for the Company to use cash collateral as a debtor-in-possession under chapter 11 of the Bankruptcy Code;

### Other Bankruptcy Authorizations

**RESOLVED**, that the Company and each Authorized Party is authorized and empowered to (a) take or cause to be taken any and all further action(s), (b) engage other professionals, (c) execute and deliver further documents and instruments, and (d) pay fees and expenses, all as such parties deem necessary or appropriate in order to fully carry out the intent and to accomplish the purposes of these resolutions;

**RESOLVED**, that any and all past actions previously taken by the officers and/or directors of the Company in the name or otherwise on behalf of the Company with respect to the commencement of the Bankruptcy Case or otherwise in furtherance of any or all of these resolutions are hereby ratified, confirmed, and approved; and

**RESOLVED**, that these resolutions may be executed by facsimile, telecopy or other reproduction method, and such execution shall be considered valid, binding, and effective for all purposes.

IN WITNESS WHEREOF, the Board has adopted these resolutions as of the date first written above.

*DocuSigned by:*

*Amy LaCroix*

—39DA94D5B5164C2...

Amy LaCroix
Corporate Secretary

*Signature Page to Resolutions of the Board of Directors of*
*Lutheran Life Communities*